J. Edward Thornton, of Thornton & McGowin, Mobile, Ala., for libelant, Jordan.

George F. Wood, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for respondents.

**G. W. SENTELL, doing business as Sentell Oil Company, a sole proprietorship, Libelant,**

v.

**R. F. GIBSON and Lewis C. Gibson, individually and doing business as Gibson Brothers Towing Company, a partnership, and the M/V Sherman V, her tackle, etc., Respondents.**

**THOMAS JORDAN, INC., a Corporation, owner of THE Barge T.J. 52, Libelant,**

v.

**THE Tug SHERMAN V, her engines, boilers, etc., and L. C. and R. F. Gibson, individually and doing business as partners under the name and style of Gibson Brothers Towing Company, Respondents.**

Nos. 2644, 2645.

United States District Court
S. D. Alabama, S. D.

May 29, 1959.

DANIEL HOLCOMBE THOMAS, District Judge.

These two suits in admiralty were consolidated for trial, since the same issues are germane to the loss suffered by libelants G. W. Sentell and Thomas Jordan, Inc.

Thomas Jordan, Inc., was the owner of the Barge T.J.–52, which was bare-boat chartered to G. W. Sentell, doing business as Sentell Oil Company. From the evidence produced at the trial of this cause, it appeared the T.J.–52 was a seaworthy barge, laden with gasoline of libelant Sentell Oil Company, en route from Mobile, Alabama, to the Port of Birmingham, Alabama, in tow of the Tug Sherman V. At some undetermined time and place before arrival at the Port of Birmingham, some undetermined object caused a hole to be knocked in one of the tanks of the T.J.–52, bringing about the damage to the barge complained of by libelant Thomas Jordan, Inc., and the loss of gasoline complained of by libelant Sentell Oil Company.

Was the damage caused by the negligence, unskillfulness, and inattention to

738

duty of the master and crew of the Tug Sherman V?

This problem was considered by the Court of Appeals for the Fifth Circuit in 1945, in the case of The Lapwing, 150 F.2d 214, 215. The court surveyed the land mark decision on the problem of proof of negligence and said: "The Supreme Court in Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699, upon the question of the duty and liability of a tug under a towage contract, held (1) that the tug is not a bailee of the vessel in tow or her cargo; (2) that a suit by the owner of the tow to recover for an injury to the tow caused by negligence on the part of the tug is an action ex delicto; (3) that the tug is not liable as an insurer or as a common carrier, but owes to the tow the duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar services; and (4) that the mere fact that the tow was in good condition when received by the tug, and in damaged condition when delivered, does not raise any presumption of fault on the part of those performing the towage service." The court went on to say, surveying one of its own decisions: "In New Orleans Coal & Bisso Towboat Co. v. United States, 5 Cir., 86 F.2d 53, 60, this court stated the law as follows: 'A tug is bound to use only reasonable and ordinary care and skill in conducting the tow, and is neither a bailee nor an insurer of the tow. * * * A suit to recover damages for loss of the tow is an action ex delicto and the burden is on the claimants to prove the negligence of the tug. A presumption of negligence does not arise merely from a showing that the tow has been damaged.'"

This court in the case of Ideal Cement Co. v. Home Ins. Co., D.C.S.D.Ala.1953, 112 F.Supp. 413, 416, quoting the "White City" case as authority, held that under similar circumstances to those before the court here, the burden of proof of negligence was not sustained.

Libelants Sentell and Thomas Jordan, Inc., have not borne the burden of prov-

ing negligent towage on the part of Gibson Brothers Towing Company.

Decree for respondents, taxing costs in each of the respective libels against the respective libelants.